UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CYNDI GREEN | * | CIVIL ACTION NO. 10-0413 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| LIBERTY HEALTHCARE SYSTEMS, LLC | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss [doc.# 4] filed by defendant, Liberty Healthcare Systems, LLC. For reasons assigned below, it is recommended that the motion be DENIED.

### Background

On March 16, 2010, plaintiff Cyndi Green filed the instant civil rights action against her former employer, Liberty Healthcare Systems, LLC, ("Liberty Healthcare") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Louisiana's anti-discrimination laws, Louisiana Revised Statute 23:331, *et seq*. (Compl., ¶¶ 1-3). She alleges that between July 2008 and March 12, 2009, she was sexually harassed by her direct supervisor at Liberty Healthcare. *Id*. She further contends that, after she complained of the sexual harassment, Liberty Healthcare unlawfully retaliated against her by discharging her from employment. *Id*. at ¶¶ 4-5.

Plaintiff alleges that she filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") on May 7, 2009. *Id*. at ¶ 7. She received her Notice of Right to Sue letter on or about December 21, 2009. *Id*. Plaintiff filed the instant complaint within 90 days thereafter. She seeks damages for lost income and benefits, emotional distress,

attorney's fees, and interest, in a total amount believed to exceed $300,000. *Id*. at ¶ 7, Prayer.

On June 16, 2010, Liberty Healthcare filed the instant motion to dismiss the complaint for lack of subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6), on the basis that plaintiff failed to exhaust her administrative remedies before filing suit. Specifically, defendant argues that plaintiff's failure to file a *verified* charge with the EEOC bars the instant suit.

Plaintiff filed her opposition to the motion to dismiss on July 2, 2010. She attached a copy of a Supplemental Intake Questionnaire that she signed and dated "5/8/09," and her own affidavit, dated July 1, 2010. (Opp. Memo., Exhs. B-C). On July 20, 2010, defendant filed a reply memorandum in support of the motion to dismiss. Accordingly, the matter is now ripe

## Discussion

### I.  Subject Matter Jurisdiction

Contrary to defendant's motion, filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, it is instead a "precondition to filing suit in district court." *Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983) (citing *Zipes v. TWA, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 1132 (1982); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir.1981) (en banc)). Failure to comply with a condition precedent does not mean that the district court lacks subject matter jurisdiction if the case is otherwise properly before it. *Harris v. Amoco Production Co.*, 768 F.2d 669, 680 (5th Cir. 1985). Here, it is manifest that the court enjoys subject matter jurisdiction, via federal question, 28 U.S.C. § 1331.[1]

---

[1] Section 1331 jurisdiction is appropriately invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). Indeed, "[t]he assertion of a claim under a

Accordingly, at this stage of the proceedings, the administrative exhaustion issue must be analyzed under Rule 12(b)(6).

## II.     Failure to State a Claim

### a)     12(b)(6) Standard

Federal Rule of Civil Procedure 12(b) authorizes dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint

---

federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)). Plaintiff's complaint invokes the Civil Rights Act of 1964. This statutory reference suffices to assert federal subject matter jurisdiction, via federal question, 28 U.S.C. § 1331. *Cervantez, supra*.
    To the extent that plaintiff's complaint also sets forth factual allegations sufficient to assert a claim under state law, the presence of federal question jurisdiction permits the district court to exercise supplemental jurisdiction over this claim(s). 28 U.S.C. § 1367.

> are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008), *cert. denied sub nom., Southern Scrap Material Co., L.L.C. v. U.S.*, ___ U.S.___, 129 S.Ct. 1669 (2009) (internal citation omitted).

Courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). However, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted).

Finally, when considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Nonetheless, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

### b) Title VII Exhaustion

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc*. 296 F.3d 376, 378 -379 (5th Cir. 2002); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir.1996). A Title VII plaintiff exhausts administrative remedies when she files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id*. In a "deferral state" such as Louisiana,[2] the Title VII plaintiff

---

[2] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n. 1 (5th Cir.1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since

must file a charge of discrimination with the EEOC within 30 days after receiving notice that the state or local agency has terminated proceedings or within 300 days of the alleged discriminatory employment action, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *Burrell v. Brown,* 2000 WL 1056312, *3 (5th Cir. 2000) (unpubl.); *Janmeja v. Board of Supervisors of Louisiana State University,* 96 Fed. Appx. 212, 214, 2004 WL 902304 (5th Cir. 2004) (unpubl.). Once the plaintiff has exhausted administrative remedies by presenting her claim to the EEOC and receiving a right to sue letter, she must file suit in federal court within 90 days of receipt of the EEOC's notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). The failure to exhaust administrative remedies or to file suit in federal court in a timely manner renders the Title VII case subject to dismissal. *See Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) (complaint that fails to allege or excuse exhaustion of administrative remedies is subject to dismissal).

In this case, plaintiff has alleged, and defendant does not contest (at least for purposes of this motion), that she received a right to sue notice, and that she filed suit within 90 days thereafter. *See* Compl., ¶ 7. Plaintiff has further alleged that she timely filed a discrimination complaint with the EEOC on, or about May 7, 2009. *Id.* In support of its motion to dismiss, Liberty Healthcare attached a "Charge of Discrimination," wherein Green stated that she was sexually harassed by a supervisor with her company, and subsequently discharged after she complained about the treatment. (M/Dismiss, Exh.). The discrimination charge is dated May 7, 2009, and reflects that the latest discriminatory conduct occurred on March 13, 2009. *Id.* Liberty Healthcare nonetheless contends that the charge remains invalid because it was never

---

that time. La. R.S. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct.1997); G. Huffman, *The Louisiana Commission on Human Rights--Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM Pizza, Inc.,* 2004 WL 2216530, *3, n.1 (E.D. La. 2004).

verified.

Section 706 of the Civil Rights Act of 1964, as amended, requires "[c]harges" to "be in writing under oath or affirmation . . . contain[ing] such information and . . . in such form as the Commission requires." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112, 122 S. Ct. 1145, 1149 (2002) (quoting 42 U.S.C. § 2000e-5(b)). As acknowledged by defendant, the regulations define "verified" as "sworn to or affirmed before a notary public . . . *or supported by an unsworn declaration in writing under penalty of perjury.*" 29 C.F.R. § 1601.3 (emphasis added). Defendant asserts, in conclusory fashion, that plaintiff failed to meet either part of the foregoing definition. However, plaintiff appears to have signed her initial EEOC charge under penalty of perjury. (Def. M/Dismiss, Exh.). This declaration satisfies the verification requirement. *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1256 (M.D. Ala. March 14, 2007) (citing *E.E.O.C. v. Odd Fellows Home of Virginia, Inc.*, No. Civ. A. 6:04-CV-00046, 2005 WL 1950185, *2 (W.D. Va.2005)); *Fultz v. B.A. Mullican Lumber & Mfg. Co.*, 197 F. Supp. 2d 523, 525 (W.D. Va. 2002).

Furthermore, in response to defendant's motion, plaintiff has adduced evidence that she also signed a supplemental intake questionnaire on "5/8/09," under penalty of perjury. (Pl. Opp. Memo., Exh. B).[3] While defendant relies upon plaintiff's admissions in her affidavit to argue that the EEOC never received her supplemental intake questionnaire, the affidavit discusses documents that the EEOC sent to her "*[a]fter* October 27, 2009." (Affidavit of Cyndi Green; Opp. Memo., Exh. C) (emphasis added). Thus, the affidavit arguably does not implicate the supplemental intake questionnaire at all, as it pre-dates the period addressed in her affidavit.

---

[3] Plaintiff's submission effectively amended her complaint. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (court must look beyond complaint and consider subsequently filed materials as amendments thereto).

In sum, the court cannot conclude from the complaint, and the referenced submissions, that plaintiff did not timely exhaust her administrative remedies before filing her Title VII claim.[4] Accordingly, defendant has not established that plaintiff's complaint fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).[5]

### Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that the motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [doc.# 4] filed by defendant Liberty Healthcare Systems, LLC. be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[4] The court need not address plaintiff's alternative suggestion that the matter be "remanded" to the EEOC for further proceedings.

[5] The undersigned's recommended disposition does not preclude defendant from re-urging the exhaustion issue via summary judgment motion following discovery, provided, of course, that there are no genuine issues of material fact. *See Lewis v. City of Ruston, Louisiana*, 2008 WL 2674040 (W.D. La. Jul. 7, 2008) (employer required to demonstrate through competent summary judgment evidence that plaintiff failed to exhaust administrative remedies) (citing *White v. Goodyear Tire*, 96 F.3d 1444, 1996 WL 512054 (5th Cir. Aug. 26, 1996) (unpubl.)).

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of August 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE